IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KELLY LYNN WHITE                      *

            Plaintiff            *

        vs.                   *     CIVIL ACTION NO. MJG-16-579

LIBERTY MUTUAL FIRE INSURANCE    *
  COMPANY, et al.
                              *
            Defendants
*     *     *     *     *     *     *     *     *

<u>MEMORANDUM AND ORDER</u>

The Court has before it Plaintiff's Motion to Remand [ECF No. 16] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

In the instant case:

- On January 8,[1] Plaintiff filed the Complaint in the Circuit Court for Baltimore City asserting claims against Defendants Liberty Mutual Fire Insurance Company ("Liberty") and Amica Mutual Insurance Company ("Amica")

- On January 28, Plaintiff served the Maryland Insurance Administration.

- On or about February 9, Amica received the service of process.

- It appears that Liberty received the service of process on or about the same date.[2]

- On February 29, Amica filed its Notice of Removal [ECF No. 1], stating therein that notice of its filing

---

[1]   All dates referred to herein are in the year 2016.
[2]   Defendants present no contention that Liberty received process substantially later than February 9 and certainly do not contend that it was within 30 days of Liberty's March 29 filing of its Answer.

"will be provided to Plaintiff and Co-Defendant [Liberty]."

- On March 29, Liberty filed its Answer [ECF No. 14].

- Also on March 29, Plaintiff filed the instant motion seeking remand.

- On April 4, Liberty filed a Line of Consent [ECF No. 17] stating that it consented to removal and that its filing of the Answer had indicated its consent.

The instant motion presents the question of when a defendant consenting to removal by a co-defendant must manifest that consent.  Plaintiff contends that Liberty's consent to removal had to be filed within 30 days of effective service of process on Liberty.  Therefore, a consent filed on April 4 or March 29 (if the Answer constituted consent) would not be timely as to Amica's notice of removal.  Defendants contend that Liberty's consent would be deemed timely if it were not unreasonably delayed.

The removal statute, as enacted in the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (the "JVCA"), Pub. L. No. 112-63, 125 Stat. 758, does not expressly address the time for filing a consent to removal.  Title 28 U.S.C. § 1446(b) states, in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the [Complaint]. . . .

>(2)(A) When a civil action is removed solely
>under section 1441(a), all defendants who
>have been properly joined and served must
>join in or consent to the removal of the
>action.
>
>(2)(B) Each defendant shall have 30 days
>after receipt by or service on that
>defendant of the [Complaint] initial
>pleading or summons described in paragraph
>(1) to file the notice of removal.
>
>(2)(C) If defendants are served at different
>times, and a later-served defendant files a
>notice of removal, any earlier-served
>defendant may consent to the removal even
>though that earlier-served defendant did not
>previously initiate or consent to removal.

The Court finds persuasive the rationale of Judge Hollander's Memorandum Opinion in Moore v. Svehlak, Civil Action No. ELH-12-2727, 2013 WL 3683838 at *11-15 (D. Md. July 11, 2013). A defendant in a multi-defendant case must file a notice of removal, with the consent of all served co-defendants, within 30 days from receipt or service of process. A later served co-defendant must, within 30 days of service, join an existing removal petition or can file a notice of removal with the consent of all then-served co-defendants.

In the instant case, Amica did not file a notice of removal with Liberty's consent within 30 days of service on Amica. And, there is no indication that, even if Liberty had been served later than Amica, Liberty filed its consent to Amica's removal within 30 days of service on Liberty.

For the foregoing reasons:

    1.   Plaintiff's Motion to Remand [ECF No. 16] is GRANTED.

    2.   By separate Order, the case shall be remanded.

SO ORDERED, on <u>Monday, May 2, 2016</u>.

<u>          /s/         </u>
Marvin J. Garbis
United States District Judge